IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

IRIS KIMBLE AND           PLAINTIFFS
FREDERICK KIMBLE

v.                        CIVIL ACTION NO. 3:19cv458DPJ-FKB

GKD MANAGEMENT, L.P. D/B/A
A & G COMMERCIAL TRUCKING A/K/A
A & G COMM. TRUCKING AND
JOHNNY CARTER              DEFENDANTS

**COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, comes plaintiffs, **IRIS AND FREDERICK KIMBLE**, citizens of the full age of majority, domiciled and residing in the Parish of East Baton Rouge, State of Louisiana, and for their complaint in this civil action for damages against the defendants, respectfully represents to this Honorable Court as follows:

**PARTIES, JURISDICTION, & VENUE**

I.

Jurisdiction for these claims before this Honorable Court is based upon 28 U.S.C. § 1332.

II.

Venue for these claims is proper in accordance with Title 28 U.S.C. § 1391(b)(2).

III.

Made defendant herein is **GKD MANAGEMENT, L.P.** ("**GKD**"), upon information and belief, a limited partnership organized and existing under the laws of the State or Arizona, licensed and doing business in the State of Mississippi and having committed a tort within this State, may be served with process by serving its registered agent, C.T. Corporation System, 645 Lakeland

East Drive, Suite 101, Flowood, Mississippi 39232.  The foregoing defendant, **GKD**, was doing business as A & G Commercial Trucking a/k/a A & G Comm. Trucking.

IV.

Made defendant herein is **JOHNNY CARTER**, upon information and belief, an individual of the full age of majority and domiciled in the County of Lamar, State of Alabama, may be served with process at his residence located at 150 Willow Street, Sulligent, Alabama 35586.

**FACTUAL ALLEGATIONS**

V.

On or about July 8, 2016, at approximately 4:07 p.m., plaintiff, **IRIS KIMBLE,** was driving her 2006 BMW 530i, with her guest passenger, Gerald Crawford, in an easterly direction on Interstate 20 near Highway 45 South in Lauderdale County, Mississippi and was lawfully proceeding in the left lane of travel when suddenly and without warning, her vehicle was violently rear-ended by a 2001 Freightliner, owned by defendant, **GKD**, and operated by defendant, **JOHNNY CARTER**.

VI.

The aforesaid collision occurred through no fault of the plaintiff; rather, the collision was caused solely by the fault and negligence of the defendant, **JOHNNY CARTER**, in the following non-exclusive particulars:

- a. Following preceding traffic too closely
- b. Striking the rear of the 2006 BMW 530i;
- c. Operating one's vehicle at an excessive rate of speed;
- d. Inattention;
- e. Failure to keep a proper lookout for other traffic;

f.  Failure to maintain the proper degree of control of the vehicle;

g.  Violation of applicable local, state and federal highway laws and regulations regarding the operation of motor vehicles; and,

h.  Any and all other acts of negligence, recklessness and fault as will be shown at the trial of this matter.

VII.

Upon information and belief, and therefore alleged, defendant, **JOHNNY CARTER**, was an employee of defendant, **GKD**, at the time of the subject accident, and was in the course and scope of his employment, thus rendering **GKD** liable for all damages and losses suffered by petitioner herein as a result of **JOHNNY CARTER'S** negligence under the theory of *respondeat superior*.

VIII.

As a result of the collision sued on herein, plaintiff, **IRIS KIMBLE**, suffered severe injuries, including but not limited to injuries to her cervical spine and lumbar spine, which injuries have caused and will cause plaintiff, **IRIS KIMBLE**, residual disability, disfigurement and scarring, past and future pain and suffering, past and future mental anguish and distress, past and future loss of enjoyment of life, past and future medical expenses, and loss of past and future earnings or income earning capacity.

IX.

Plaintiff, **FREDERICK KIMBLE**, as the spouse of **IRIS KIMBLE**, is accordingly entitled to recover compensatory damages from the defendants named herein, as may be reasonable in the premises, in accordance with the law and the evidence, for consortium damages, past and future loss of companionship, past and future loss of society, and past and future loss of

love and comfort.

X.

Plaintiffs accordingly aver entitlement to recover from defendants, damages as may be reasonable in the premises, in accordance with the law and the evidence.

XI.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby demand a trial by jury in this action of all issues so triable.

**WHEREFORE**, plaintiffs, **IRIS KIMBLE** and **FREDERICK KIMBLE**, pray that after due proceedings are had, there be judgment in favor of plaintiffs, **IRIS KIMBLE** and **FREDERICK KIMBLE**, and against defendants, **GKD MANAGEMENT, L.P.** and **JOHNNY CARTER** for all compensatory damages supported by the law and the evidence, granting plaintiffs legal interest on all sums awarded from date of judicial demand until paid and casting defendant with all costs of these proceedings including legal interest thereon.

By Attorney:

**SAUNDERS & CHABERT**

***/s/ SCOTTY E. CHABERT, JR***
SCOTTY E. CHABERT, JR. MSBA No. 102445
6525 Perkins Road
Baton Rouge, LA 70808
Telephone: (225) 771-8100
Facsimile: (225) 771-8101
schabert@saunderschabert.com
*Attorney for Plaintiffs, Iris and Frederick Kimble*